IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ST. CLAIR COUNTY, ILLINOIS, and MACON COUNTY, ILLINOIS, INDIVIDUALLY AND ON BEHALF OF ALL OTHER COUNTIES IN THE STATE OF ILLINOIS,<br><br>    Plaintiffs,<br><br>vs.<br><br>TRINITY INDUSTRIES, INC. and TRINITY HIGHWAY PRODUCTS, LLC,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**NON-PARTY THE SAFETY INSTITUTE, INC.'S
MOTION TO QUASH, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE
ORDER REGARDING DEFENDANTS' SUBPOENA DUCES TECUM**

COMES NOW Non-Party, The Safety Institute, Inc., by and through its attorneys and pursuant to Rule 45 and Rule 26(c) of the Federal Rules of Civil Procedure hereby moves and respectfully requests this Court to enter an Order quashing, *or in the alternative*, a protective order on the Defendants' Subpoena to Testify at a Deposition in a Civil Action and to Produce Documents issued for Keeper of Records, The Safety Institute, Inc. ("The Institute") to appear at 9:00 a.m. on September 16, 2016. In support of its motion, The Institute states as follows:

A. **INTRODUCTION AND BACKGROUND**

1. On August 23, 2016, Defendants Trinity Industries, Inc. and Trinity Highway Products, LLC, served a subpoena duce tecum on The Institute commanding the subpoenaed entity appear and offer sworn deposition testimony. *See* Subpoena duces tecum, attached hereto as Exhibit 1. Additionally, Defendants demanded The Institute bring documents, communications, and data to the deposition. *See id.*

2.       However, the subject subpoena is unduly burdensome in both its breadth and scope – especially as served on a non-party to this litigation. It contains 21 deposition topics and 20 document requests. *See* Exhibit 1 at Schedule A & B. It lacks any limitations on timeframe, location, products, or specific documents. *See id*. The subpoena demands highly sensitive and irrelevant information regarding The Institute's funding sources and communication with journalists. *See id*. at Topic Nos. 13, 19-21 and Request Nos. 15, 18-20. It seeks information and data previously produced by the Missouri Department of Transportation relating the study titled: "Relative Comparison of NCHRO350 Accepted Guardrail Terminals." *See id*. at Topic Nos. 3 and Request Nos. 1-3. Most importantly, it demands the production of privileged information from Plaintiffs' non-testifying consulting experts – Sean Kane and the Safety Research & Strategies, Inc.

3.       The Institute is a non-profit organization focused on injury prevention, product safety, and public awareness. The Institute is an advocate and research entity formed to investigate/study defective products, which are a danger to the general public. The Institute and its Board Members are currently involved in investigating safety issues related to highway guardrail end terminals, including the ET-Plus. The Institute – and its employees – are **NOT** designated as testifying experts in this – or any – guardrail related litigation.

4.       Sean Kane is the Founder and President of The Institute. However, Mr. Kane is also a legal consultant with another organization – Safety Research & Strategies, Inc. In this case, Mr. Kane was retained by Plaintiffs to assist in litigation preparation and act as a non-testifying consulting expert. Most – if not all – of the topics and document requests contained within Defendants' subpoena duces tecum relate to work conducted by or on behalf of Mr. Kane. It is clear that Defendants are attempting to circumvent the privileges and immunities afforded by

Federal Rule of Civil Procedure 26, which protects non-testifying consulting experts, by requesting this information from another entity – The Institute.

### B. SEAN KANE'S CONSULTING PRIVILEGE EXTENDS TO THE INSTITUTE

5.      According to the Federal Rules of Civil Procedure, the Court must quash or modify any subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. Civ. P. 45(c)(3)(A). Furthermore, Rule 26(b)(4)(D) establishes that a party ordinarily may not, either by interrogatories or deposition, "discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial," unless such discovery is performed as provided in Fed. R. Civ. P. 35(b); or upon the showing of exceptional circumstances such that it is impracticable for the party to obtain such facts or opinions by other means. Fed. R. Civ. P. 26(b)(4)(D). In this case, Defendants cannot satisfy either exception to this bright-line rule.

6.      "When an expert is retained as a litigation consultant . . . materials reviewed or generated by the expert are generally privileged and immune from disclosure." *Employee Committed for Justice v. Eastman Kodak Co.*, 251 F.R.D. 101, 104 (W.D. NY 2008). Litigation consultants qualify as non-attorneys who are protected by the work product doctrine. *See, e.g., In re Ford Motor Co.,* 110 F.3d 954, 967 (3d Cir.1997) (holding that the work product doctrine protected materials prepared by an in-house technical assistant for meetings to be attended by an outside technical consulting firm and lawyers regarding an issue in a product liability suit); *Martin v. Bally's Park Place Hotel & Casino,* 983 F.2d 1252 (3d Cir.1993) (holding that a technical report prepared by a consulting firm was protected from discovery because the document was prepared in anticipation of litigation by a party's representative (a consultant) for

that party's representative (the company's in-house lawyer)); *Sara Lee Corp. v. Kraft Foods Inc.*, 273 F.R.D. 416, 419 (N.D. Ill. 2011) (holding Rule 26(b)(4)(D) establishes a high barrier to discovering opinions of a non-testifying consultant.); *see also* Dennis P. Stolle et al., *The Perceived Fairness of the Psychologist Trial Consultant,* 20 Law & Psychol. Rev. 139, 169 (1996) ("Modern trial consulting methods typically consist of many techniques such as witness preparation, and mock trials, that clearly could not be framed as falling outside of the work product rule.").

7. Moreover, a litigation consultant's advice that is based on information disclosed during private communications with his or her client may be considered "opinion" work product which requires a showing of exceptional circumstances in order for it to be discoverable. *Duplan Corp. v. Deering Milliken, Inc.,* 540 F.2d 1215, 1219 (4th Cir.1976) ("[O]pinion work product immunity now applies equally to lawyers and non-lawyers alike."); Stanley D. Davis & Thomas D. Beisecker, *Discovering Trial Consultant Work Product: A New Way to Borrow an Adversary's Wits?,* 17 Am. J. Trial Advoc. 581, 619 (1994) ("[T]he attorney's discussions of case theory and the consultant's suggestions thereon should qualify for the higher protection accorded mental impressions.").

8. There are "four commonly stated policy considerations" for this rule: "(1) the interest in allowing counsel to obtain the expert advice they need in order [to] properly evaluate and present their clients' positions without fear. . . ; (2) the view that each side should prepare its own case at its own expense; (3) the concern that it would be unfair to the expert to compel its testimony and also the concern that experts might become unwilling to serve as consultants if they suspected their testimony would be compelled; and (4) the risk of prejudice to the party who retained the expert as a result of the mere fact of retention." *United States ex rel. Westrick v. Second*

*Chance Body Armor, Inc.,* 288 F.R.D. 222, 227–228 (D.D.C.2012) (quoting *Long Term Capital Holdings, L.P. v. United States,* No. 01–CV–1290 (JBA), 2003 WL 21269586, at *2 (D.Conn. May 6, 2003)).

9. Defendants' subpoena attempts to obtain testimony and documents from The Institute that would otherwise be undiscoverable as an extension of the work product rule for non-testifying consulting experts. *See* Fed. R. Civ. P. 26(b)(4)(D); *see also Appleton Papers, Inc. v. E.P.A.*, 702 F.3d 1018, 1025 (7th Cir. 2012); *Plymovent Corp. v. Air Tech. Solutions, Inc.*, 243 F.R.D. 139, 143 (D.N.J. 2007) (holding that Rule 26 "creates a safe harbor whereby facts and opinions of nontestifying, consulting experts are shielded from discovery, expect upon a showing of exceptional circumstances."). The subpoena requires The Institute to designate one or more officers, directors, managing agents, or other person who are able to testify regarding the topics identified within Defendants' Schedule A. Mr. Kane is the only person within The Institute equipped with the knowledge and information to testifying on these topics. Again, this is an attempt to circumvent the Rule 26 privilege for consulting experts.

10. To the extent that Defendants' subpoena seeks to obtain information regarding a study funded by The Institute and/or any of the other entities identified in the subpoena, The Institute respectfully requests that this Court quash Defendants' subpoena pursuant to Rule 45(d)(3)(B) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 45(d)(3)(B).

11. Rule 45(d)(3)(B) provides that the Court may, on motion, quash or modify a subpoena if it requests the disclosure of an "unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B). Through this subpoena, Defendants seek to obtain information and discovery about a study that was not commissioned by either party to this

action, and the study mentioned does not describe specific occurrences in dispute in this cause of action. *See Hartford Fire Ins. Co. v. Pure Air on the Lake Ltd. P'ship*, 154 F.R.D. 202, 208(N.D. Ind. 1993) ("Rule 45 of the Federal Rules of Civil Procedure Cannot be utilized for obtaining expert's files where Rule 26(b)(4) remains the limitation on discoverability.").

### C. SUBPOENA SUBJECTS THE INSTITUTE TO UNDUE BURDEN

12. Under Federal Rule of Civil Procedure 45, "[a] party has a general right to subpoena any person to appear at a deposition or to produce documents for inspection and copying." *Thayer v. Chiczewski,* 257 F.R.D. 466, 469 (N.D.Ill.2009). Nonetheless, Rule 45 also protects non-parties by giving courts discretion to quash subpoenas that subject the recipients to undue burden. *See* Fed. R. Civ. P. 45(d)(3)(A)(iv). In determining a Motion to Quash based on a claim of undue burden, Courts consider several factors, including "the person's status as a non-party, the relevance of the discovery sought, the subpoenaing party's need for the documents, the breadth of the request and the burden imposed on the subpoenaed party." *Parker v. Four Seasons Hotels, Ltd.,* 291 F.R.D. 181, 188 (N.D.Ill.2013) (quoting *Last Atlantis Capital, LLC v. AGS Specialist Partners,* No. 04 C 0397, 2013 WL 182792, at *1 (N.D. Ill. Jan. 17, 2013)). "Courts give special weight to the unwanted burdens thrust upon non-parties when balancing competing needs." *Robinson v. Morgan Stanley,* No. 6 C 5158, 2010 WL 1005736 at *2–3, 2010 U.S. Dist. LEXIS 25073 at *6–7 (N.D. Ill. Mar. 17, 2010).

13. As stated above, the subpoena deposition topics and document requests are unduly burdensome in breadth and scope. *See* Exhibit 1 at Schedule A & B. The subpoena lacks any limitations on timeframe, location, products, or specific documents. *See id*. In fact, each of Defendants' requests for production start with the phrase: "Any and all documents. . . ." *See* Exhibit 1 at Request No. 1-20. For example, the subpoena testimony and the production of "[a]ny and all

documents and communications between TSI and any state department of transportation regarding the Study, Trinity, Texas A&M or any Guardrail End-Terminal." *See id*. at Request 7. This would require the identification and production of every such document generated during the entire existence of The Institute that was sent or received from a number of different organizations and entities regarding any guardrail end terminal. It seeks unlimited information regarding irrelevant products. *Cook v. Howard,* 484 Fed. Appx. 805, 812 n. 7 (4th Cir.2012) (The "undue burden" category "encompasses situations where the subpoena seeks information irrelevant to the case or that would require a non-party to incur excessive expenditure of time or money."). Additionally, any documents in the possession, custody, control of any state or federal agency are available through a Freedom of Information Act request.

14. The subpoena also demands highly sensitive and irrelevant information regarding The Institute's funding sources and communication with journalists. *See id*. at Topic Nos. 13, 19-21 and Request Nos. 15, 18-20; *see U.S. v. Gammo*, 428 F.Supp.2d 705, 707 (E.D. Mich. 2006) (holding that a request for a non-party's financial records was unduly burdensome); *see also In re Lazaridis*, 865 F.Supp.2d 521, 524 (D. NJ 2011) (quashing subpoena to non-profit emphasizing that due to the limited staff and resources of a non-profit weighs into the argument regarding unreasonable and oppressive nature of the request).

15. Moreover, the subpoena requests documents and information currently in the possession of the Defendants. *See id*. at Topic Nos. 3 and Request Nos. 1-3. Specifically, the underlying data relating the study titled: "Relative Comparison of NCHRO350 Accepted Guardrail Terminals" was recently produced by the Missouri Department of Transportation. As such, the continued request for this information already, which is in the possession, custody, and control of the Defendants, is an undue burden and harassment to a non-party entity. *See Kim v. NuVasive,*

*Inc.*, 2011 U.S. Dist. LEXIS 96878, at *6 (S.D. Cal. Aug. 29, 2011) ("Non-parties deserve extra protection from the courts.").

### D. DEFENDANTS' SUBPOENA DUCES TECUM WAS DEFECTIVELY SERVED ON THE INSTITUTE

16. According to the Federal Rules, failure to tender any witness fee or travel costs when serving a subpoena is "sufficient basis to quash a subpoena." *See Rotter v. Cambex Corp.,* No. 93 C 4137, 1995 WL 374275 at *1, 1995 U.S. Dist. LEXIS 8561 at *4 (N.D. Ill. June 19, 1995). In this case, no witness fee check was served with the subject subpoena, as such, the Court has sufficient basis to quash the defectively served subpoena.

### E. IN THE ALTERNATIVE, THE INSTITUTE SEEKS A PROTECTIVE ORDER UNDER RULE 26(C)

17. The decision to enter a protective order is within the court's discretion and does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir.1985). Rule 26(c) provides that upon a showing of good cause, a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.Civ.P. 26(c). For the reasons set forth above, The Institute requests this Court enter a protective order to quash the Defendants' subpoena.

WHEREFORE, Non-Party The Safety Institute, Inc., respectfully requests the Court grant its motion and quash Defendants' subpoena for the Keeper of Records at The Safety Institute, Inc., and for any further relief that the Court deems just and reasonable.

Respectfully submitted:

By: /s/Andrew D. Nebenzahl
BBO #368065
THE NEBENZAHL LAW GROUP, P.C.
One Post Office Square
Sharon, MA 02067

Telephone:  781-784-2000
Facsimile:   781-793-0600
E-mail:  anebenzahl@neblawgroup.com

***Attorney for Non-Party The Safety Institute, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2016, I electronically filed this "Non-Party The Safety Institute, Inc.'s Motion to Quash, or in the Alternative, Motion for Protective Order Regarding Defendants' Subpoena Duces Tecum" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing(s) to all parties of record.

/s/  Andrew D. Nebenzahl